Curia, per

Evans, J.
As to the first ground in the brief, whether the defendant was the owner of the shop, that question was settled by the jury, on what I would regard satisfactory evidence. The second ground presents a grave question, as to the power of the City Council to *236 pass the ordinance under which the defendant was convicted. I think there can be no question, that the restraints imposed by this ordinance, are within the ordinary powers of legislation. There is nothing in the restrictions imposed by the constitution of this State, or of the United States, which restrains the. Legislature from passing a general law like the one under consideration, or from granting the power to do so to the municipal corporations within the State; so that the only question is, whether the right to pass this ordinance has been granted to the City Council.
, By the Act of 1783, 7 Stat. 98, the City Council of Charleston, among other things, are vested with the power to pass “ every bye law or regulation that shall appear to them requisite and necessary for the security, welfare and conveniency of the said city, or for preserving peace, order and good government within the same.” All such bye laws are by a subsequent part of the same Act, subject to the revisal, alteration or repeal of the Legislature. Under this general power, the ordinance which the defendant has violated, was- passed. The ordinance is in these words. Be it ordained, (fee. that no person or persons, now or hereafter owning and keeping a retail grocery store within the city, where meat, grain, fruit, provisions or other articles are exposed for sale; not having a license from the City Council of Charleston in force, to retail wine, malt or spirituous liquors, shall be permitted to keep in such shop, or in any inner room adjacent thereto, or on the premises connected with such shop, any wine, malt or spirituous liquors, (fee ”
The general powers of legislation, on all matters connected with the security, welfare and conveniency of the city, and for preserving peace and order and good government within the same, it seems to me, are sufficiently comprehensive to cover the ordinance in question. It is, no doubt, one of the many restraints imposed on the liberty of the citizen, to prevent, if possible, the vending of spirituous liquors to slaves.. Such regulations are sometimes apparently tyrannical; but they must be submitted to as necessary police regulations. If they are tyrannical and unnecessary, the popular will can repeal them through the City Coun *237 cil, or if redress should fail there, by an appeal to the Legislature.
The motion is dismissed.
We concur. J. S. Richardson, John Belton O’Neall, A. P. Butler.
Wardlaw & Earle, absent.